IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MOUNTAIN STATES CRANE, LLC,**
    a New Mexico Limited Liability Company,

    **Plaintiff,**

vs.

**ARS ALEUT REMEDIATION, LLC (AAR),**
    an Alaska Limited Liability Company,
and

**ARS INTERNATIONAL, LLC (ARS),**
    an Alaska Limited Liability Company,
jointly and severally,

    Defendants.

## COMPLAINT FOR DEBT & MONEY DUE BY CONTRACT AND FOR UNJUST ENRICHMENT

COMES NOW Mountain States Crane, LLC, by its counsel, Bingham, Hurst & Apodaca, P.C. (Wayne E. Bingham), and for its Complaint states as follows:

COUNT I

COMPLAINT FOR DEBT DUE BY CONTRACT

1.    Plaintiff Mountain States Crane, LLC (herein MSC) is a New Mexico limited liability company with principal offices in Albuquerque, New Mexico.

2.    Defendant ARS Aleut Remediation, LLC (herein AAR) is an Alaska limited liability company with principal offices in Anchorage, Alaska and a mailing address in Port Allen, Louisiana.

3. Defendant ARS International, LLC (herein ARS) is an Alaska limited liability company with principal offices in Port Allen, Louisiana, and is the parent company of AAR.

4. In this action, MSC seeks recovery of money due from AAR and ARS in the amount of $111,048.03.

5. This Court has jurisdiction over the matter as the amount sought by MSC or the amount in dispute is in excess of $75,000.

6. Venue is proper with the Court based on the diversity of the parties.

7. On July 11, 2016, AAR entered into a subcontract with MSC for disassembly of a structure identified as TA-3-35 High Bay Structure (Press) at Los Alamos National Laboratory, including mobilization and use of adequate cranes, rigging, securing, tool manufacturing, materials and personnel. Attached to this contract was an Addendum to Subcontract which enumerated certain exclusions which would, in turn, be billed as additional costs to Defendants such as work interruption costs, standby costs, and training costs. A copy of the Subcontract and Addendum are attached hereto as Exhibit #1 and incorporated herein by reference.

8. The subcontract amount was $298,880.00.

9. The original subcontract between AAR and MSC was modified through Modification No. 1, which added additional work scope for the complete disassembly of the four sides of the TA-3-35 High Bay structure to the ground and was executed on October 14, 2016. A copy of this Modification is attached hereto as Exhibit #2 and incorporated herein by reference.

10. The modification added an additional $97,990 of funding to the authorized subcontract.

11. On May 9, 2017, MSC additionally invoiced AAR for $47,125.00 for 377 days of per diem at the rate of $125.00 per day. (See invoice 20001 attached hereto as Exhibit #3 and incorporated herein by reference.)

12. Invoice 20001 was appropriate as additional costs under the terms of the Subcontract and Addendum in that MSC employees had a total of 377 days working on the Project at $125.00 per day per diem.

13. Also, on May 9, 2017 MSC invoiced AAR for $39,400.00 for "Extra work related to Birdcage" which required 40 additional hours of time for a crane, four riggers, and a rigger supervisor. See Invoice 20002 attached hereto as Exhibit #4 and incorporated herein by reference.

14. Invoice 20002 was appropriate as additional costs under the terms of the subcontract and Addendum in that the Cushion Plater Area of the Press had parts that were added on by LANL and were not part of the Press Parts Breakdown provided by LANL, AAR or the manufacturer and constituted MSC encountering and dealing with unforeseen conditions. Consequently, MSC is entitled to an equitable adjustment to its subcontract with AAR in the amount of $39,400.00.

15. Additionally, on May 9, 2017 MSC invoiced AAR for $11,902.80 an Administrative Fee that was three percent (3%) of the original subcontract. See Invoice 20003 attached hereto as Exhibit #5 and incorporated herein by reference.

16. Invoice 20003 was appropriate as additional costs under the terms of the subcontract and the Addendum in that under the subcontract, "Critical Lift Plans will be charged 3% of the 1st invoice subtotal(s)."

17.     The project in question was a public works project under the federal Service Contract Act (SCA).

18.     Finally, on May 9, 2017, MSC invoiced AAR $12,620.23 for interest on MSC pay applications to AAR for late payments by AAR to MSC.  See Invoice 20004 attached hereto as Exhibit #6 and incorporated herein by reference.

19.     Invoice 20004 was appropriate as additional costs under the terms of the subcontract and Addendum in that AAR's payments to MSC were late and MSC is entitled to interest.

20.     Despite demand, AAR and ARS have failed and refused to pay amounts claimed by MSC in Invoices 20001, 20002, 20003 and 20004.

21.     MSC has been required to seek counsel to collect money owed to it by AAR and, consequently, is entitled to its attorney fees.

WHEREFORE, MSC prays that it be awarded $111,048.03 in its favor against AAR and ARS, jointly and severally, plus its attorney fees, interest and costs.

## COUNT II

## UNJUST ENRICHMENT

22.     MSC restates the allegations in paragraphs 1 through 21 above.

23.     MSC provided labor and materials to Defendants AAR and/or ARS.

24.     AAR and ARS have been enriched by the labor and materials supplied to them by MSC.

25.     AAR and ARS have not paid MSC for the materials and labor.

26.     AAR and ARS have been unjustly enriched.

WHEREFORE, MSC prays that it be awarded $111,048.03 in its favor and against AAR and ARS, jointly and severally, plus its attorney fees, interests and costs.

Respectfully submitted by:

BINGHAM, HURST & APODACA, P.C.

By *Wayne E. Bingham*

Wayne E. Bingham
Counsel for Plaintiff Mountain States Crane, LLC
2420 Comanche NE, Ste. H-6
Albuquerque, New Mexico  87107
Telephone:  (505) 881-4545
wbingham@binghamhurst.com